**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
--------------------------------------------------------------- x
EMS IMPORTS LLC,                              :
                                             :
                     Plaintiff,              :
                                             :
       v.                                    :
                                             :
U-TEC GROUP INC.; JOHN DOES 1-10,            :
                                             :
                     Defendants.             :
                                             :
--------------------------------------------------------------- x
```

Civil Action No.  19-21498

**COMPLAINT AND JURY TRIAL DEMAND**

*Electronically Filed*

Plaintiff EMS Imports LLC ("Plaintiff"), by and through its counsel, for its Complaint against U-Tec Group Inc. ("U-Tec") and John Does 1-10 ("Doe Defendants") (collectively, "Defendants"), alleges as follows:

**PARTIES**

1.     Plaintiff is a corporation organized and existing under the laws of the State of New Jersey, with a place of business at 556 Industrial Way W., Eatontown, New Jersey 07724.

2.     On information and belief, Defendant U-Tec is a corporation organized and existing under the laws of the State of California, with a principal place of business at 1130 Cadillac Court, Milpitas, CA 95035.

3.     The true names, involvement and capacities, whether individual, corporate, associated or otherwise, of the Doe Defendants are unknown to Plaintiff.  Therefore, Plaintiff sues the Doe Defendants by a fictitious name. Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants sued herein is responsible in some manner for the events and occurrences referred to herein. When the true names, involvement and capacities of these parties are ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

## JURISDICTION AND VENUE

4.     The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

5.     Defendant U-Tec is subject to general and specific jurisdiction in this Court, *inter alia*, because it conducts business in the District and has committed at least some of the acts complained of herein within this District.

6.     On information and belief, Defendant U-Tec sells large quantities of various products, including door locks and security products, to customers in New Jersey, engages distributors based in New Jersey, maintains an interactive website accessed by residents of New Jersey, and otherwise avails itself of the privilege of doing business in the State of New Jersey.

7.     Defendant U-Tec has purposely directed its activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities. These acts have caused, and are continuing to cause, harm in this District.

8.     Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## BACKGROUND FACTS

9.     Defendant U-Tec is in the business of manufacturing and distributing door locks, including products sold under the ULTRALOQ mark ("U-Tec Products").

10.     Defendant U-Tec is the registrant of U.S. Trademark Serial No. 4167388 for ULTRALOQ in stylized form ("the ULTRALOQ Registration").

11.     Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

12.     Plaintiff resells products through various channels, including through an Amazon storefront.

13.     Since its formation, Plaintiff has served thousands of customers through its Amazon storefront.

14.     Defendant's illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

15.     Upon information and belief, Amazon is the world's largest online retailer.

16.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

17.     Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

18.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

19.     Since approximately 2017, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

20.     Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the

customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

21. A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

22. Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

23. In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

24. Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

25. Plaintiff's Amazon storefront has amassed over fifteen hundred reviews and a holds a near perfect customer rating.

26. A small sample of Plaintiff's recent reviews are shown below:





27.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

### DEFENDANT ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

28.     On information and belief, Defendant seeks to increase its profits by controlling the distribution and pricing of its products, including the U-Tec Products, through unlawful means.

29.     As demonstrated below, Defendant has engaged in a coordinated effort to preclude select third-parties from reselling genuine U-Tec Products on online marketplaces by false allegations of intellectual property infringement and defamation.

30.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine U-Tec Products on Amazon.

31.     On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

32.     Because Plaintiff sells only genuine products through its Amazon storefront, Defendant has no legitimate intellectual property claim(s) against Plaintiff.

33.     Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell U-Tec Products without violating the intellectual property rights or other legal rights of Defendant.

34.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

35.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

36.     As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

37.     On information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

38.     On information and belief, Defendant was, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

39.     Defendant filed complaints with Amazon that alleged that Plaintiff was selling U-Tec Products that infringed the ULTRALOQ Registration.

40.     Defendant knew, or should have known, that such allegations were false.

41.     Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendant.

42.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
>
> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

43.     Once confirmed through discovery, the individual(s) responsible for the false intellectual property complaints described below will be added as defendants in this action.

44.     On or about August 14, 2019, Plaintiff received a notice from Amazon stating as follows:

> Hello,
>
> We received a report from a rights owner that the products listed at the end of this email are inauthentic.
>
> The rights owner is asserting that the products infringe the following trademark:
> -- Trademark number 4167388
>
> Why did this happen?

One or more of your listings may be infringing the intellectual property rights of others.

We're here to help.
If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

2) An invoice or letter of authorization from the manufacturer or Rights Owner verifying the product's authenticity to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff,

Have your listings been removed in error?
If you believe there has been an error, please tell us why. Your explanation should include the following information:
-- Proof that you have never sold or listed the reported product. We will investigate to determine if an error occurred.

OR

-- Explanation of why you were warned in error. We will investigate to determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the proof of authenticity, your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days.

ASIN:B01M09IZDR
Infringement type: Trademark product packaging.
Trademark asserted: 4167388
Complaint ID:6355306831

Sincerely,
Seller Performance Team,
Amazon.com.


45.     The above report relates to a U-Tec Product, which is referenced by its Amazon

Standard Identification Numbers ("ASIN").

46.     The U-Tec Product identified in the above report was genuine.

47.     The U-Tec Product identified in the above report was distributed by Defendant.

48.     On information and belief, prior to filing the above report, Defendant knew, or should have known, that the U-Tec Product sold by Plaintiff did not infringe the ULTRALOQ Registration.

49.     On information and belief, Defendant's allegation that the above U-Tec Product infringed Defendant's trademark rights was knowingly false and made in bad faith.

50.     Plaintiff subsequently received another notice from Amazon stating as follows:

Hello,

We removed some of your listings because we received a report from a rights owner that they may infringe the following trademark. The listings we removed are at the bottom of this message.

-- Trademark number 4167388

Why did this happen?
One or more of your listings may be infringing the intellectual property rights of others.

We're here to help.
If you need help understanding how you may have infringed the above trademark, please see the Amazon Intellectual Property Policy by following this link https://sellercentral.amazon.com/gp/help/external/201361070, or search for "Intellectual Property Policy" in Seller Central Help.

How do I reactivate my listing?
Please provide one of the following to reactivate your listing:
1) An invoice, a valid Order ID, or letter of authorization from the manufacturer or Rights Owner demonstrating that your use of the trademark is lawful to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

Have your listings been removed in error?
If you believe there has been an error, please tell us why. Your explanation should include the following information:
-- Proof that you have never sold the reported product. We will investigate to determine if an error occurred.

OR

-- Explanation of why you were warned in error. We will investigate to

determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the requested information, your listings will remain
inactive.

ASIN: B01KB9WM2S
Infringement type: Trademark (Product Packaging) Complaint ID: 6089399221

-- Berry
-- anvizec@gmail.com

You can view your account performance
https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn)
or select Account Health on the home screen of the Amazon Seller app on your
iOS or Android device. The Account Health dashboard shows how well your
account is performing against the performance metrics and policies required to
sell on Amazon.

-- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485
-- Android:
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.andro
id&hl=en

Sincerely,
Seller Performance Team,
Amazon.com.

51.     The U-Tec Product identified in the above report was genuine.

52.     The U-Tec Product identified in the above report was distributed by Defendant.

53.     On information and belief, prior to filing the above report, Defendant knew, or

should have known, that the U-Tec Product sold by Plaintiff did not infringe the ULTRALOQ

Registration.

54.     On information and belief, Defendant's allegation that the above U-Tec Product

infringed Defendant's trademark rights was knowingly false and made in bad faith.

## DEFENDANT REFUSED TO RETRACT ITS FALSE REPORTS

55.     Plaintiff has sought in good faith to resolve the above complaints with Defendant. Defendant, despite having no support for its allegations, has refused to retract its baseless complaints.

56.     On or about November 18, 2019, counsel for Plaintiff sent correspondence to Defendant requesting support for its allegations of trademark infringement or, in the alternative, a withdrawal of the complaints.  Defendant did not respond.

57.     On or about December 5, 2019, counsel for Plaintiff sent a letter to Defendant warning that failure to retract the above complaints would result in litigation.

58.     To date, Defendant has failed to provide support for its allegations.  Yet, Defendant has refused to retract its complaints.

## HARM TO PLAINTIFF

59.     As a result of the above false rights complaints, Plaintiff's listings relating to U-Tec Products were suspended, resulting in an immediate loss of revenue.

60.     It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

61.     On information and belief, Defendant was aware that complaints to Amazon, particularly those alleging the sale of counterfeit products, result in selling suspensions.

62.     On information and belief, Defendant has used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

63.     As a result of the above false rights complaints, Plaintiff's Amazon seller account was suspended, resulting in significant losses and permanent damage to Plaintiff's business.

64.     At no time has Plaintiff ever sold U-Tec Products that infringed any of Defendant's intellectual property or other legal rights.

65.     The U-Tec Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

66.     Defendant knowingly made false intellectual property rights complaints against Plaintiff.

67.     Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

68.     As result of Defendant's false complaints, Plaintiff's ability to sell any and all products on Amazon was suspended.

69.     As result of Defendant's false complaints, Plaintiff's performance metrics were irreparably damaged.

70.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

71.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

72.     Defendant's false complaints have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

## COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement)

73.     Plaintiff realleges and incorporates all previous paragraphs.

74.     Defendant manufactures and distributes U-Tec Products and places such products into the stream of commerce.

75.     Plaintiff stocks, displays, and resells new, genuine U-Tec Products, each bearing a true mark.

76.     Defendant has submitted one or more complaints to Amazon that state that Plaintiff sold U-Tec Products that infringed, inter alia, the ULTRALOQ Registration.

77.     The U-Tec Products sold by Plaintiff were genuine and in the manufactures original packaging.

78.     Defendant's complaints have caused the suspension of Plaintiff's selling privileges as they relate to U-Tec Products.

79.     Defendant's complaints have caused the suspension of Plaintiff's selling privileges as they relate to any and all products.

80.     Defendant's complaints continue to put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

81.     Under these facts, an actual controversy exists between Plaintiff and Defendant.

82.     Plaintiff is entitled to a declaratory judgment that it has not violated Defendant's trademark rights or other rights, whether under Federal or State law.

### COUNT II – FALSE OR MISLEADING REPRESENTATION AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125

83.     Plaintiff realleges and incorporates all previous paragraphs.

84.     This is a claim for false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

85.     Plaintiff and Defendant compete for sales of door locks and security products.

86.     Plaintiff has a commercial interest in its commercial and business reputation.

87.     Plaintiff has established a business reputation as a popular and trusted seller of consumer products on Amazon's marketplace.

88.     Defendant has knowingly made false, misleading, and defamatory statements in commerce through Amazon's infringement reporting tools relating to the products associated with Plaintiff. These statements actually deceived Amazon and are likely to deceive and confuse the public (i.e., Amazon's marketplace users) into believing that Plaintiff's products are not genuine, thereby materially effecting their decision and ability to purchase Plaintiff's products.

89.     Defendant's reports to Amazon were designed to advance its business interests by removing Plaintiff's listings from the Amazon marketplace thereby increasing Defendant's market share.

90.     Defendant's false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the reports to Amazon so as to constitute commercial advertising.

91.     Defendant's false and misleading representation of Plaintiff's alleged infringement has misled, confused and deceived customers and prospective customers as to Plaintiff's reputation. Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving Plaintiff's customers and prospective customers.

92.     The false and misleading representations had a material effect on Plaintiff's customers' and prospective customers' decisions to do business with Plaintiff.

93.     Defendant has made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

94.     On information and belief, Defendant had actual knowledge that Defendant had no support for the complaints that Defendant submitted to Amazon in connection with Plaintiff's

product, and Defendant acted with the intent that Plaintiff's ability to sell U-Tec Products be removed thereby forcing consumers to purchase U-Tec Products directly from Defendant and/or select distributors.

95.     Plaintiff's injuries fall within the zone of interest protected by the Lanham Act because Defendant's false advertising and disparaging misrepresentations have caused Plaintiff to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

96.     Defendant's wrongful acts as alleged in this complaint constitute false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

97.     The damage to Plaintiff's economic and reputational injuries were directly caused by Defendant's false and misleading representations.

98.     As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

99.     As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

100.     Defendant will continue its actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT III – UNFAIR COMPETITION
## PURSUANT TO THE NEW JERSEY COMMON LAW

101.     Plaintiff realleges and incorporates all previous paragraphs.

102.     This is a claim for unfair competition, arising under the common law of the State of New Jersey.

103.     By reason of all of the foregoing, Defendant, as a market competitor of Plaintiff, engaged in deceptive conduct by disseminating false and misleading representations that Plaintiff sold infringing U-Tec Products.

104.     Defendant's conduct caused consumer confusion because it had a material effect on Plaintiff's customers' and prospective customers' decisions and ability to purchase Plaintiff's products or do business with Plaintiff.

105.     As a result of Defendant's unfair competition, Plaintiff's customers and prospective customers were actually deceived or are likely to deceived and confused into believing that Plaintiff's products are non-genuine or otherwise infringe Defendant's trademark rights.

106.     As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

107.     As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

108.     Defendant will continue its actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

### COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

109.     Plaintiff realleges and incorporates all previous paragraphs.

110.     Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

111.     Plaintiff is also in a contractual relationship with Amazon.

112.     At all relevant times, Defendant was aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

113.     At all relevant times, Defendant was aware of the terms and conditions of Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

114.     Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

115.     Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

116.     Defendant intended to cause Amazon to suspend Plaintiff's ability to sell U-Tec Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

117.     Defendant had actual knowledge that its actions would cause Amazon to suspend Plaintiff's ability to sell U-Tec Products on Amazon.

118.     Defendant's accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

119.     Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing of U-Tec Products to be suspended.

120.     The intentions of Defendant are demonstrated by the fact that Defendant was unable to provide any evidence in support of its complaints and, nevertheless, refused to withdraw its complaints.

121.     Defendant's accusations were false and were made maliciously and with ill will.

122.     Plaintiff has been damaged by suspension of these listings by losing revenue related to U-Tec Products.

123.     Plaintiff has been damaged by suspension of its Amazon selling privileges by losing revenue related to all products that Plaintiff's stock and offer for sale.

124.     Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

125.     Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

## COUNT V – DEFAMATION

126.     Plaintiff realleges and incorporates all previous paragraphs.

127.     Defendant published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's U-Tec Products infringed the ULTRALOQ Registration.

128.     Plaintiff did not infringe the ULTRALOQ Registration.

129.     Defendant's false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to U-Tec Products.

130.     Defendant's false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to all products.

131.     Defendant's false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

132.     Upon information and belief, Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that Plaintiff sells genuine products.

133.     Defendant's false statements are not protected by any privilege.

134.    Defendant acted with actual malice or with reckless disregard for the truth of the matter contained in Defendant's false statements to Amazon and Plaintiff's customers.

135.    False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

136.    Here, Defendant published statements that Plaintiff was engaged in trademark infringement.

137.    Defendant's false statements constitute defamation per se.

138.    Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling U-Tec Products and damage to its relationship with Amazon and its customers.

139.    Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to U-Tec Products have been suspended and Plaintiff has lost sales of U-Tec Products and many other products.

140.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

141.    Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

**COUNT VI – TRADE LIBEL**

142.    Plaintiff realleges and incorporates all previous paragraphs.

143.    Defendant knowingly published false and derogatory statements regarding Plaintiff's business.

144.    Specifically, Defendant published false and materially derogatory statements that Plaintiff was selling infringing U-Tec Products.

145.    Defendant's statements that Plaintiff was selling infringing U-Tec Products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

146.    As discussed above, on information and belief, Defendant knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings.

147.    Defendant's false and derogatory statements to Amazon were a substantial factor in inducing these parties not to conduct business with Plaintiff.

148.    Plaintiff suffered special damages as a result of Defendant's statements in the form of lost dealings.

149.    As a result of Defendant's false rights owner complaint, Plaintiff's product listings were removed from Amazon resulting in a direct and immediate loss in revenue.

150.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

151.    Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A.    An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendant;

B.    Preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert and privity with Defendant, from filing false complaints with Amazon and any other e-commerce platform relating to Plaintiff and Plaintiff's products.

C.    Injunctive relief requiring Defendant to rescind all complaints that it filed against Plaintiff;

D.      An award of all damages that Plaintiff has suffered as a result of Defendant's false representations and unfair competition;

E.      An award of all damages that Plaintiff has suffered as a result of Defendant's tortious interference;

F.      An award of all damages that Plaintiff has suffered as a result of Defendant's defamation;

G.      An award of all damages that Plaintiff has suffered as a result of Defendant's trade libel;

H.      An award of all costs and fees incurred in this Action; and

I.      Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  December 18, 2019                    Respectfully submitted,

                                             AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                             By:  s/ Mark Berkowitz                        
                                                  Mark Berkowitz
                                                  90 Park Avenue
                                                  New York, NY  10016
                                                  Tel.:    (212) 336-8000
                                                  Fax:    (212) 336-8001
                                                  E-mail:  mberkowitz@arelaw.com

                                                  *Attorneys for Plaintiff*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: December 18, 2019                    Respectfully submitted,

                                            AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                            By:  s/ Mark Berkowitz
                                                 Mark Berkowitz
                                                 90 Park Avenue
                                                 New York, NY  10016
                                                 Tel.:    (212) 336-8000
                                                 Fax:     (212) 336-8001
                                                 E-mail: mberkowitz@arelaw.com

                                                 **_Attorneys for Plaintiff_**

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

Dated:  December 18, 2019                     Respectfully submitted,

                                             AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                     By:  s/ Mark Berkowitz
                                             Mark Berkowitz
                                             90 Park Avenue
                                             New York, NY  10016
                                             Tel.:    (212) 336-8000
                                             Fax:     (212) 336-8001
                                             E-mail: mberkowitz@arelaw.com

                                             *Attorneys for Plaintiff*